IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DOUGLAS HAMILTON                                                                    PLAINTIFF

vs.                                         Civil No. 2:17-cv-02108

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Douglas Hamilton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.    **Background:**

Plaintiff protectively filed his disability application on May 1, 2015. (Tr. 10). In this application, Plaintiff alleges being disabled due to back pain. (Tr. 151). Plaintiff alleges an onset date of November 10, 2013. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 54-65). Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 22-53). Plaintiff's administrative hearing was held on January 7, 2016 in Fort Smith, Arkansas. *Id.*

1

At this hearing, Plaintiff was present and was represented by counsel, Susan Brockett. (Tr. 22-53). Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 25). As for his education, Plaintiff testified he had graduated from high school. *Id.*

On July 20, 2016, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 7-17). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 10, 2013, his alleged onset date. (Tr. 12, Finding 2). The ALJ found Plaintiff had the following severe impairments: pain and reduced range of motion of the lumbar spine related to early degenerative disc disease. (Tr. 12, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-6, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

*Id.* The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 16, Finding 6).

The ALJ then considered whether there was other work Plaintiff could perform, considering his age, education, work experience, and RFC. (Tr. 16, Finding 10). In making this determination, the ALJ applied the Medical-Vocational Guidelines or "the Grids." Specifically, the ALJ applied Rule 202.20 of the Grids and determined Plaintiff was "not disabled." *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 10, 2013 through the date of his decision or through July 25, 2016. (Tr. 16, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On May 26, 2017, the Appeals Council denied this request for review. (Tr. 1-3). On June 28, 2017, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises the following two issues for reversal: (A) the ALJ erred in his credibility determination; and (B) the ALJ erred in assessing his RFC. ECF No. 13 at 1-14. The Court will address both of these arguments for reversal.

**A.** **Credibility Determination**

Plaintiff claims the ALJ did not give any "solid, substantiated reasons" for discounting his testimony. ECF No. 13 at 8-11. Upon review of the transcript in this matter, the Court finds Plaintiff's argument is without merit.

Notably, the ALJ fully evaluated Plaintiff's subjective complaints and discounted those allegations for the following four reasons: (1) Plaintiff was able to perform extensive daily activities, including "attending his children's sports, school and play events"; (2) Plaintiff failed to complete a course of physical therapy "which was inconsistent with disabling pain"; (3) Plaintiff appeared to be malingering during one his examinations and had a "great demonstration and allegations of pain" during his testing; and (4) Plaintiff's medical records, including his x-rays, were inconsistent with his alleged level of pain. (Tr. 15).

This Court finds these are sufficient reasons for discounting Plaintiff's subjective complaints. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2004) (recognizing the ALJ defers "to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence"). Thus, the Court finds no basis for reversal on this issue.

5

**B.     RFC Determination**

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 13 at 11-14. Notably, Plaintiff claims the ALJ erred in discounting the opinions of his treating physician, Dr. Scott Kuykendall, M.D. *Id.*

Upon review, however, Dr. Kuykendall only completed a "check-box" medical source statement. (Tr. 14, 306-307). The ALJ specifically considered this opinion from Dr. Kuykendall and found it was not entitled to controlling weight as it was unsupported by the objective medical evidence and inconsistent with the other physicians' opinions that Plaintiff had only mild limitations and could perform the full range of light work. (Tr. 15). Such a finding was entirely proper. *See Johnson v. Astrue,* 628 F.3d 991, 994 (8th Cir. 2011) (recognizing a treating physician's opinion is given controlling weight if, and only if, it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence).

In fact, as the ALJ pointed out, Dr. Kuykendall's opinion was inconsistent with his own treatment notes, showing negative radiographic imaging and conservative treatment. (Tr. 343-366). Although Dr. Kuykendall also only prescribed conservative treatment, including physical therapy and further evaluation with a magnetic resonance imaging (MRI), Plaintiff did not complete his physical therapy or his MRI. (Tr. 14, 357). Accordingly, the ALJ found Dr. Kuykendall's opinion was inconsistent with other evidence in the record and gave proper reasons for discounting it. (Tr. 14).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE